QUAD COUNTY COMMUNITY ACTION
AGENCY, INC., Appellant,

and

Shark Brothers, Inc. and Downtown
Realty, Inc., Appellants,

v.

Richard A. ELKIN, Bruce Hagen and Ben
Wolf, as members of the North Dakota
Public Service Commission and North-
ern States Power Company, Appellees.

Civ. Nos. 10006, 10041.

Supreme Court of North Dakota.

Feb. 11, 1982.

Susan W. Rester, Bismarck, for appellant
Quad County Community Action Agency.

Myer Shark, Fargo, for appellants Shark
Brothers, Inc. and Downtown Realty, Inc.

Lynn L. Schloesser, Asst. Atty. Gen., Bis-
marck, for appellee North Dakota Public
Service Commission.

Wheeler, Wolf, Wefald, Peterson & Mc-
Donald, P. C., Bismarck, and Gene R. Som-
mers, Minneapolis, Minn., for appellee
Northern States Power Co.; argued by R.
W. Wheeler, Bismarck.

PAULSON, Justice.

Quad County Community Action Agency
[Quad County], Shark Brothers, Inc., and
Downtown Realty, Inc., appeal from a judg-
ment issued on March 13, 1981, by the Dis-
trict Court of Grand Forks County which
affirmed the order of the North Dakota
Public Service Commission [PSC] dated
July 1, 1980. We affirm.[1]

On July 23, 1976, Northern States Power
Co. [NSP] filed an application for an in-

---

1. We have previously considered an appeal by
different parties arising out of the same factual

background as this case. See O'Connor v.

crease in its electrical rates with the PSC. The PSC suspended the rate increase pending a hearing on the application. After holding public hearings, the PSC, on April 26, 1977, issued its findings of fact, conclusions of law, and order allowing a rate increase in Docket Number 9461.

NSP did not file a schedule of rates pursuant to the April 26, 1977, PSC order, but on May 12, 1977, filed a new application for an increase in rates. NSP's May 12, 1977, rate application was based upon a $102,067,000 rate base; the April 26, 1977, PSC order had been based upon a $92,973,000 rate base.[2] The PSC did not suspend NSP's May 12, 1977, rate application, and the rates applied for became effective by nonsuspension, as provided by § 49–05–06 of the North Dakota Century Code, on June 11, 1977. This application was issued Docket Number I–5610.

On July 12, 1977, Quad County filed a complaint with the PSC questioning the reasonableness of the new rates. In response, the PSC opened Docket Number 9634 on its own motion and ordered a hearing to investigate the reasonableness of the rates established by nonsuspension on June 11, 1977. A hearing was held on August 5, 1977, and on July 24, 1978, the PSC issued its findings, conclusions, and order declaring that the rates were just and reasonable.

On August 23, 1978, Quad County appealed the PSC order in Docket Number 9634 to the District Court of Grand Forks County. The court remanded the case to the PSC for further proceedings. On remand, the PSC was to combine the record in the earlier rate case (Docket Number 9461) with the record in Docket Number 9634; allow NSP and Quad County to offer evidence on rate base; and issue new findings, conclusions, and an order on issues raised on appeal by Quad County.

On remand, the PSC ordered that the records in the two dockets be combined, and

set additional hearings. On July 1, 1980, the PSC issued a memorandum opinion, findings of fact, conclusions of law, and order affirming its finding that the rates were reasonable in Docket No. 9634.

On August 1, 1980, Quad County appealed from the PSC order. The District Court of Grand Forks County affirmed the PSC order, and Quad County appealed to this court. Shark Brothers, Inc. and Downtown Realty, Inc. have also appealed from the district court judgment affirming the PSC order, and the appeals have been consolidated.

Three issues have been raised by the parties to this appeal:

1. Is the PSC order issued on April 26, 1977, in Docket Number 9461 still in effect, thereby rendering the rates approved by nonsuspension in Docket Number I–5610 invalid?

2. Was the PSC engaging in retroactive ratemaking when it affirmed the rates set in Docket Number I–5610 in Docket Number 9634 (remand)?

3. Are NSP's customers entitled to a refund of a portion of rates paid after June 11, 1977, to July 1, 1980?

## I

■ The first issue raised is whether or not the PSC order issued on April 26, 1977, is still in effect, thereby rendering the subsequently filed rates invalid. Appellants Shark Brothers, Inc. and Downtown Realty, Inc. argue that the PSC order of April 26, 1977, has not been repealed, rescinded, or amended, and that, therefore, the subsequent filing by NSP of a different rate schedule was invalid.

This precise issue has been rejected by this court in a separate appeal arising out of the same factual background as this case. In *O'Connor v. Northern States Power Co.*,

Northern States Power Co., 308 N.W.2d 365 (N.D.1981).

2. The difference in rate base was the result of using a different test year in computing rate base. The order issued on April 26, 1977, in

Docket Number 9461 was based on a test year ending May 31, 1977. The rate application filed by NSP on May 12, 1977, in Docket Number I–5610, was based on a test year ending May 31, 1978.

308 N.W.2d 365 (N.D.1981), the plaintiffs argued that NSP had violated the PSC order of April 26, 1977, when it failed to file rates in accordance therewith. We held that nothing in the relevant statutes prohibited NSP from filing the increased rate with the PSC rather than the lower rate permitted by the outstanding order, in *O'Connor, supra* 308 N.W.2d at 369:

> "The issue of law, simply put, is: Was NSP required to file a schedule of rates in accordance with the PSC order of April 26, 1977, or did the applicable statutes permit NSP to file a new and higher schedule of rates in lieu thereof? A review of the applicable statutory provisions convinces us that NSP was, under the current statutory scheme involving electric utility rates, permitted to file a new and higher schedule of rates rather than file a schedule of rates as specified in the PSC's order of April 26, 1977."

This court went on to conclude in *O'Connor, supra*, that NSP was authorized to begin charging its new rate on June 11, 1977, at the end of the statutory 30-day nonsuspension period.

The issue raised by Shark Brothers, Inc. and Downtown Realty, Inc. was disposed of in *O'Connor*, and we find nothing in the instant case which distinguishes it from *O'Connor*. We therefore conclude that NSP was not required to file rates in accordance with the April 26, 1977, order of the PSC; and its rates filed on May 12, 1977, went into effect according to the statutory scheme on June 11, 1977.

## II

■ The second issue raised is whether the PSC engaged in retroactive ratemaking when it affirmed the rates previously approved by nonsuspension in Docket Number I–5610. Quad County argues that the PSC, in its order of July 1, 1980, in Docket Number 9634 (remand), unlawfully set rates retroactively by reaffirming rates charged by NSP prior to July 1, 1980, under the aegis of an earlier PSC order which had been reversed by the district court. Quad County's argument is based on the erroneous presumption that the PSC "established" rates in Docket Numbers 9634 and 9634 (remand). Docket Number 9634 was not a rate application proceeding pursuant to § 49–05–06, N.D.C.C., but was rather a complaint proceeding, initiated on the PSC's own motion, pursuant to §§ 49–05–01 and 49–05–02, N.D.C.C. The issue raised in Docket Number 9634 was the reasonableness of *existing* rates. The PSC may only fix or establish new rates to be charged in the future when it makes a finding that existing rates are unreasonable. § 49–02–03, N.D.C.C.

The PSC never made a finding that the rates established by nonsuspension in Docket Number I–5610 were unreasonable. Thus, the PSC did not fix or establish new rates when it reaffirmed the I–5610 rates in its orders in 9634 and 9634 (remand).

■ Quad County argues that, because the PSC order in Docket Number 9634 was remanded by the district court, the PSC order in Docket Number 9634 (remand) was reaffirming rates collected by NSP under the aegis of a PSC order which had been reversed. As noted above, however, the rates collected by NSP were not established in Docket Number 9634, but had been established by nonsuspension in Docket Number I–5610. The rates established in Docket Number I–5610 were the legal existing rates at all times between June 11, 1977, and July 1, 1980. The PSC never made a finding that the rates established in Docket Number I–5610 were unreasonable, and they therefore remained in effect at all times during the proceedings in this case. The rates reaffirmed in Docket Number 9634 (remand) were those established in Docket Number I–5610, not those "established" by the PSC's order, which was subsequently reversed by the district court, in Docket Number 9634. We therefore conclude that the PSC did not engage in retroactive ratemaking in its order in Docket Number 9634 (remand).

## III

■ The final issue raised by Quad County is whether or not NSP owes a refund of

amounts collected under the PSC's order in Docket Number 9634, which was subsequently reversed and remanded by the district court. Again, Quad County's argument is based on the faulty presumption that the PSC fixed or established rates in its order in Docket Number 9634.

As previously noted, Docket Number 9634 was a complaint proceeding; therefore, the sole issue raised was the reasonableness of NSP's existing electric rates. Until the PSC made a finding that NSP's existing rates were unreasonable, those rates remained in effect.

In Docket Number 9634, the PSC issued its order finding that the rates then in effect, as established in Docket Number I–5610, were reasonable. On appeal, the district court remanded the case to the PSC, and ordered the PSC to combine the records in 9461 and 9634; to take additional evidence; to issue new findings of fact, conclusions of law, and order; and to consider a rate refund. The district court did not reverse the PSC's finding that the rates were reasonable, but merely remanded the case to the PSC for correction of procedural defects.

The PSC on remand denied Quad County's request for a rate refund, and the district court affirmed. Under the circumstances presented in this case, we agree that a rate refund would be inappropriate. There has never been a finding, either by the PSC or by the courts, that the existing rates charged by NSP were unreasonable. NSP has not been receiving any more for its electrical service than is fair and reasonable. We therefore conclude that a rate refund would be inappropriate in this case.

We therefore affirm the judgment of the district court and the order of the PSC.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.